IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRED ROY CAUGHLIN,                                           Case No. 3:09-cv-01038-KI

                        Petitioner,                          OPINION AND ORDER

            v.

JEFF PREMO, Superintendent, Oregon
State Penitentiary,

                        Respondent.
_____

        Fred Roy Caughlin
        P.O. Box 1504
        Wilsonville, OR 97070

                Petitioner, *Pro Se*

        Ellen F. Rosenblum
        Attorney General
        Kristen E. Boyd
        Assistant Attorney General
        Department of Justice
        1162 Court Street N.E.
        Salem, Oregon, 97301-4096

                Attorneys for Respondent

**KING, Judge.**

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's Third Amended Petition for Writ of Habeas Corpus (ECF No. 50) is DENIED, and this proceeding is DISMISSED, with prejudice.

## BACKGROUND

On November 5, 2005, a grand jury indicted Petitioner for (1) Driving Under the Influence of Intoxicants (DUII); (2) Fleeing or Attempting to Elude a Police Officer; (3) Reckless Driving; and (4) Refusal to Take Breath Test. Resp't's Ex. 102. Count 4 was dismissed by the State prior to trial. Resp't's Ex. 104 at 4.

At trial, the prosecution offered the testimony of two police officers who witnessed Petitioner driving erratically at 3:00 a.m. in the morning on September 18, 2005. Randy Klopfenstein, a Mount Angel Reserve Police Officer, testified that on September 18, 2005, he was driving home in his personal vehicle after working a 12-hour shift at the Mount Angel Octoberfest. Resp't's Ex. 103 at 29-31. He was dressed in his police uniform and had his service weapon. *Id.* at 31. Klopfenstein testified that he noticed Petitioner's car traveling 10-15 mph in a 55-mph speed zone. *Id.* at 32-34. As Klopfenstein approached Petitioner's car, it came to a stop. Next, Petitioner drove a couple hundred feet, turned his car around, and headed directly toward Klopfenstein. *Id.* at 34-37. Klopfenstein testified that he put his car in reverse and "stomped on the gas and . . . backed up." *Id.* at 37.

Eventually, the officer grabbed his cell phone, jumped out of his vehicle, pointed his weapon at Petitioner, and yelled "police, let me see your hands, stop your car, don't make me shoot you." *Id.* at 38-40. Petitioner did not respond to Klopfenstein's commands. *Id.* at 39. Petitioner's car came to

a brief stop near Officer Klopfenstein's car, and then Petitioner slowly drove off. *Id.* at 42-43. Klopfenstein noticed that Petitioner's eyes were glassy and that he had no facial expression. *Id.* at 40-41. Klopfenstein called 911, and proceeded to follow Petitioner's vehicle. *Id.* at 43-44.

Marion County Deputy Sheriff Casey Burnham responded to the 911 call. *Id.* at 85-86. Burnham testified that when he arrived at the location, he passed Officer Klopfenstein's vehicle and began following Petitioner's car. *Id.* at 86. Burnham observed Petitioner's vehicle cross the centerline several times, speed up in curves, and slow down on straight stretches of the road. *Id.* at 86-87. Burnham used his overhead light bar and headlight flashers in an effort to pull Petitioner over. *Id.* a 88. Petitioner slowed, but did not stop. *Id.* at 88 & 103. Burnham turned on his siren and Petitioner eventually stopped in the middle of the road at a stop sign. *Id.* at 88-89 & 104. Burnham testified that Petitioner watched him as he exited his vehicle and then Petitioner drove away. *Id.* at 89 & 108. Burnham returned to his vehicle and continued in pursuit with his lights and siren on. *Id.* at 90 & 108. Petitioner did not pull over until he saw a Silverton Police Officer coming over a hill toward Petitioner. *Id.* at 91 & 109-10.

When Petitioner's vehicle came to a stop, Burnham drew his weapon and "scream[ed]" at Petitioner to raise his hands. *Id.* at 91-93. Petitioner did not raise his hands, and instead started to exit the vehicle. *Id.* at 93-94 & 110-11. Petitioner did not comply with the officer's command to turn around, and Burnham noticed that Petitioner was having trouble with his balance. *Id.* at 94 & 111-13. Burnham smelled alcohol on Petitioner's breath, and noticed that Petitioner's eyes were glassy and blood shot. *Id.* at 95. Burnham arrested Petitioner and transported him to jail. At the jail, Petitioner refused to take a Breathalyzer or field sobriety tests (FSTs) (including "non-verbal," "non-

3 - OPINION AND ORDER

testimonial" tests). *Id.* at 96-98 & 113-15. Deputy Burnham again noticed that Petitioner smelled of alcohol, his face was flushed, and his movements were slow. *Id.* at 100 & 117.

Petitioner testified in his defense that he was driving at 3:00 a.m. in the morning because he was "test driving" his car after working on its mechanical problems that day. *Id.* at 123-25 & 143. Petitioner explained that the car had a salvaged title and was not operating correctly, which he suggested may be why the officers noticed him driving erratically. *Id.* at 138-39. Petitioner testified that he believed he was being followed by a dangerous man with a gun, although he acknowledged he heard Klopfentein identify himself as a police officer. *Id.* at 127-31 & 149-50. He testified that he didn't pull over for Deputy Burnham because he was concerned that the man with the gun was still following him, and he was unsure whether Burnham was actually a law enforcement officer. *Id.* at 131-34, 143 & 150. It was only when he saw the second police vehicle that he decided it was safe to pull over. *Id.* at 134-35.

Petitioner denied consuming alcohol, and suggested that the smell of alcohol might be explained by his daily use of alcohol wipes for his complexion, or the fact that he was chewing gum. *Id.* at 124-25 & 148. He testified that he refused to do the FSTs because of back problems and arthritis. *Id.* at 141 & 144-45. He refused to take a Breathalyzer because he didn't know anything about the machine, and the police officer stated he did not know how it works. *Id.* at 139-41. On cross examination, Petitioner admitted to having two prior felony DUII convictions. *Id.* at 150.

The jury returned a guilty verdict on all charges. *Id.* at 186. The trial judge imposed a 60-month sentence on count 1, a concurrent 6-month sentence on count 2, and a concurrent 365-day sentence on count 3. *Id.* at 199-204 & Resp't's Ex. 101. Petitioner filed a direct appeal, assigning error to the trial court's failure to grant a judgment of acquittal *on its own motion* to the three counts

in the indictment. Resp't's Exs. 104 & 107. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Caughlin*, 200 P.3d 180 (Or. Ct. App. 2008), *rev. denied*, 206 P.3d 191 (Or. 2009).

Petitioner sought state post-conviction relief (PCR) alleging that trial counsel was ineffective because he failed to (1) object to the introduction of evidence that Petitioner refused to submit to a Breathalyzer or FSTs; (2) move for a judgment of acquittal on the DUII charge based on insufficient evidence; and (3) offer evidence of the mechanical problems with his car and his medical ailments. Resp't's Ex. 110. The PCR court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Caughlin v. Oregon*, 314 P.3d 1004 (Or. Ct. App.), *rev. denied*, 318 P.3d 1144 (Or. 2013).

## STANDARDS

Pursuant to 28 U.S.C. § 2254(d), a petition for writ of habeas corpus filed by a state prisoner shall not be granted, with respect to any claim that was adjudicated on the merits in state court, unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) & (2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *White v. Woodall*, 134 S.Ct. 1697, 1702 (2014).

A state court unreasonably applies clearly established federal law, if its decision is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103; *Woodall*, 134 S.Ct. at 1702. A state court's factual determination is not unreasonable merely because the federal habeas

court would reach a different conclusion in the first instance. *Brumfield v. Cain*, 135 S.Ct. 2269, 2277 (2015); *Burt v. Titlow*, 134 S.Ct. 10, 15 (2013). "Instead, § 2254(d)(2) requires that [this Court] accord the state trial court substantial deference." *Brumfield*, 135 S.Ct. at 2277. If reasonable minds reviewing the record might disagree about the finding in question, habeas relief is not warranted. *Id.*[1]

## DISCUSSION

In his Third Amended Petition, Petitioner alleges that (1) the trial court violated the Due Process Clause by failing to grant a judgment of acquittal; and (2) trial counsel rendered ineffective assistance because he failed to (a) object to the introduction of evidence that Petitioner refused to submit to a Breathalyzer or FSTs; (b) adequately and effectively move for a judgment of acquittal on the DUII charge; and (c) offer evidence concerning the mechanical problems with his car and his medical ailments. Pet'r's Third Am. Pet., ECF No. 50 at 4-5.

## I.    Ground for Relief One

### A.    Procedural Default

In his first ground for relief, Petitioner alleges that the trial court's failure to *sua sponte* grant a judgment of acquittal violated due process because there was insufficient evidence to support his conviction. In his supporting brief, Petitioner focuses on his DUII conviction arguing that the "absence of a chemical analysis of his breath or blood rendered the evidence insufficient" in light of the fact that (1) "[h]e was frightened when confronted by the first officer in a rural area;" and (2)

---

[1] Because I conclude that the state court's decision is not based on an unreasonable determination of the facts, I need not address the relationship between 2254(d)(2), and the more deferential standard set forth in 2254(e)(1) (giving a presumption of correctness to state court factual determinations). *See Brumfield*, 135 S.Ct. at 2282 (declining to resolve the "apparent conflict"); *Murray v. Schriro*, 745 F.3d 984, 999-1001 (9th Cir. 2014) (recognizing inconsistency in Ninth Circuit decisions applying these standards).

"[h]e testified that he suffered from arthritis and back problems, explaining why he moved awkwardly." Pet'r's Mem. in Support, ECF No. 81 at 8. Respondent moves the Court to deny habeas relief on the basis that Petitioner procedurally defaulted his available state remedies.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts at all appellate stages afforded under state law. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004). The presentation of a federal claim "for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons" for doing so does not satisfy the exhaustion requirement. *Castille*, 489 U.S. at 351 (internal quotations omitted); *Casey*, 386 F.3d at 917.

Respondent argues that Petitioner did not fairly present his due process claim to the state appellate courts, and that the time for doing so has now expired. Respondent explains that because trial counsel did not move for a judgment of acquittal at trial, the due process claim was not preserved for appeal. Respondent concludes that (1) raising the claim for the first time on appeal as plain error does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1); and (2) it is not plausible that the Oregon Court of Appeals' affirmance without opinion decided the federal claim on the merits.

In response, Petitioner relies on Supreme Court and Ninth Circuit opinions holding that when a state appellate court's decision is *ambiguous* and it is *plausible* to conclude that the state appellate court addressed the merits of a federal claim, there is a presumption that the state court in fact

considered the merits of the federal claim. Petitioner reasons that because the Oregon Court of

Appeals affirmed without opinion, it's decision is ambiguous and it is plausible that it reached the

unpreserved federal claim. I disagree, and find the reasoning in *Castille* to be controlling.

Petitioner did not fairly present his sufficiency of the evidence claim on appeal because it was

not preserved at trial and, therefore, was presented to the Oregon Court of Appeals in a procedural

context in which its merits would not be considered absent special circumstances. *See* Or. R. App.

P. 5.45(1) .[2] The claim is now procedurally defaulted because the time for raising the claim in state

court has expired. Although Oregon appellate courts may considered an unpreserved error, if it is

apparent on the face of the record,[3] there is no *ambiguity* or *plausible* reason to believe that the Court

of Appeals did so when it rejected Petitioner's *single* unpreserved assignment of error without

comment.

In the absence of some ambiguity as to whether the Court of Appeals' affirmance without

opinion was "interwoven with federal law," this Court declines to apply the court-created

presumption that the state court proceeded to the merits of the federal claim. *See Coleman v.*

*Thompson*, 501 U.S. 722, 735-37 & n.1 (1991); *Casey*, 386 F.3d at 918, n.23; *Chambers v.*

*McDaniel*, 549 F.3d 1191, 1196 (9th Cir. 2008); *Carrillo-Carrillo v. Coursey*, No. 2:13-cv-01450-SI,

2014 WL 4976074, at *4 (D.Or. Oct. 2, 2014), *appeal docketed*, No. 14-35897 (9th Cir. Oct. 24,

---

[2] Oregon Rule of Appellate Procedure 5.45(1) provides that "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is argued as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the record."

[3] *See State v. Gornick*, 130 P.3d 780, 783 (Or. 2006) (plain error review only conducted in rare and exceptional cases); *Ailes v. Portland Meadows, Inc.*, 823 P.2d 956, 959-60 (Or. 1991) (appellate court must articulate its reasons for considering plain error).

2014). As the Supreme Court explained in *Coleman*, a predicate to applying such a presumption is

that the state decision "must fairly appear to rest primarily on federal law or to be interwoven with

federal law:"

> In those cases in which it does not fairly appear that the state court rested its decision
> primarily on federal grounds, it is simply not true that the "most reasonable
> explanation" is that the state judgment rested on federal grounds. Yet Coleman would
> have the federal courts apply a conclusive presumption of no independent and
> adequate state grounds in every case in which a state prisoner presented his federal
> claims to a state court, regardless of whether it fairly appears that the state court
> addressed those claims. We cannot accept such a rule, for it would greatly and
> unacceptably expand the risk that federal courts will review the federal claims of
> prisoners in custody pursuant to judgments resting on independent and adequate state
> grounds. Any efficiency gained by applying a conclusive presumption, and thereby
> avoiding inquiry into state law, is simply not worth the cost in the loss of respect for
> the State that such a rule would entail.

501 U.S. at 735, 737; *see also Harris v. Reed*, 489 U.S. 255, 263-66 (1989) (finding state order

ambiguous because it invoked state procedural rule and decided federal claim on the merits).

Because there is no ambiguity, this case is distinguishable from the cases relied on by

Petitioner holding that *when* a state appellate court's decision is *ambiguous* and it is *plausible* to

conclude that the state appellate court addressed the merits of the federal claim, there is a

presumption that the state court considered the merits of the federal claim. *See Smith v. Oregon Bd.

of Parole and Post-Prison Supervision*, 736 F.3d 857, 860-62 (9th Cir. 2013) (cursory order stating

that both preserved and unpreserved claims were denied "without discussion" created ambiguity as

to whether state court considered merits of unpreserved claim); *Chambers v. McDaniel*, 549 F.3d

1191, 1197 (9th Cir. 2008) (fair and plausible reading of order supported conclusion that state court

considered the merits); *see also Harris v. Superior Ct. of State of Cal.*, 500 F.2d 1124, 1128 (9th Cir.

1974) (due to state court's inconsistent practices, there was "no reason to suppose that a postcard

denial without opinion is indicative of anything but a decision on the merits). As the Ninth Circuit

reiterated in *Chambers*, in the absence of an ambiguity created by the language used by the state

appellate court, the presumption does not apply:

> Had the Nevada Supreme Court denied the petition without opinion, that denial
> would have brought Chambers' claim within the reach of the Supreme Court's
> holding in *Castille*, . . . that exhaustion is not satisfied "where the claim has been
> presented for the first and only time in a procedural context in which its merits will
> not be considered unless there are special and important reasons therefor." However,
> *Castille* does not address the question presented here, as *Castille* involved only a
> state court's rejection without comment of a new claim in an extraordinary motion
> and does not tell us what to do when a court has in fact spoken on the issue.

*Chambers*, 549 F.3d at 1196.

In sum, Petitioner procedurally defaulted his first ground for relief because he raised it in a

procedural context in which it would not be considered absent special circumstances, and the time

for raising the ground in state court has expired. Accordingly, federal habeas relief is precluded.

However, because the procedural default issue is complex, I also address the merits of the claim.

        B.      The Merits

"[E]vidence is sufficient to support a conviction whenever, 'after viewing the evidence in

light most favorable to the prosecution, *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt.'" *Parker v. Matthews*, 132 S.Ct. 2148, 2152

(2012) (*quoting* Jackson v. Virginia, 443 U.S. 307, 319 (1979)); *Cavazos v. Smith*, 132 S.Ct. 2, 6

(2011). "[A] state-court decision rejecting a sufficiency challenge may not be overturned on federal

habeas [review] unless the decision was objectively unreasonable." *Parker*, 132 S.Ct. at 2152;

*Cavazos*, 132 S.Ct. at 3.

Petitioner argues that "the absence of a chemical analysis of his breath or blood rendered the evidence against him insufficient in light of his reasons for having difficulties." Pet'r's Mem. in Support at 8. I disagree. Based on Officers Klopfenstein and Burnham's testimony concerning Petitioner's erratic driving, his failure to respond to visual and verbal commands, his appearance, the smell of alcohol on his breath, and his slow movements and difficulty with balance, a rational juror could conclude that Petitioner was guilty of Driving Under the Influence of Intoxicants, Fleeing or Attempting to Elude a Police Officer, and Reckless Driving, beyond a reasonable doubt. Accordingly, the state court's rejection of this claim is not contrary to, or an unreasonable application of clearly established federal law, and it is not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1) & (2).

## II.    <u>Ineffective Assistance of Counsel</u>

In his second ground for relief, Petitioner alleges that trial counsel was ineffective because he failed to (1) object to the introduction of evidence that Petitioner refused to submit to a Breathalyzer or FSTs; (2) adequately and effectively move for a judgment of acquittal on the DUII charge; and (3) offer evidence to support Petitioner's claim that his car had mechanical problems and he has arthritis and back problems. Petitioner argues that the state court's rejection of these claims is based on an unreasonable determination of the facts in light of the evidence presented. Pet'r's Mem. in Support at 2 (citing 28 U.S.C. § 2254(d)(2)).

A claim of ineffective assistance of counsel requires Petitioner to prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Strickland v. Washington*, 466 U.S. 668,

687-88 (1987). To prove deficiency of performance, Petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Taylor*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 688. This Court's review of a claim of ineffective assistance of counsel is "doubly deferential" in that the Court takes a highly deferential look at counsel's performance under the deferential lens of § 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011); *Zapien v. Martel*, 805 F.3d 862, 869 (9th Cir. 2015).

"To establish prejudice [Petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Taylor*, 529 U.S. at 391 (quoting *Strickland*, 466 U.S. at 694); *Pinholster*, 563 U.S. at 189. In evaluating proof of prejudice, this Court considers the totality of the evidence before the jury. *Strickland*, 466 U.S. at 696. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id*.

A.    Failure to Object to Introduction of Evidence

Petitioner alleges that trial counsel was ineffective because he failed to object to evidence that Petitioner refused to take a Breathalyzer and FSTs. Pet'r's Third Am. Pet., ECF No. 50 at 4. Petitioner alleges that "counsel should have objected on the ground that the evidence was irrelevant and unfairly prejudicial, and that its admission is a violation of Petitioner's constitutional right against self-incrimination." *Id.* at 4-5. In his supporting brief, Petitioner argues that trial counsel should have made a motion *in limine* to exclude the evidence that Petitioner refused to take testimonial FSTs. Pet'r's Mem. in Support at 9-10.

In order to prevail on a claim of ineffective assistance of counsel for failure to raise an objection, a habeas petitioner must demonstrate that trial counsel's failure fell below an objective

standard of reasonableness and that, had the objection been made, there is a reasonable probability that the objection would have been sustained and the outcome of the trial would have been different. *Flournoy v. Small*, 681 F.3d 1000, 1005-06 (9th Cir. 2012); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079-80 (9th Cir. 2000). When applying this standard, an attorney's strategic decisions are given deference, and it is not for this Court to second guess counsel's strategic decisions. *Strickland*, 466 U.S. at 689; *Elmore v. Sinclair*, 799 F.3d 1238, 1250 (9th Cir. 2015), *pet. for cert. filed* (Jan. 27, 2016) (No. 15-7848); *see also Zapien*, 805 F.3d at 872 (strategic decisions, based on a thorough investigation of the law and facts, are virtually unchallengeable).

Pursuant to Or. Rev. Stat. 813.310, a defendant's refusal to submit to a Breathalyzer is admissible at trial. Similarly, pursuant to Or. Rev. Stat. 813.135 and 813.136, evidence that a defendant refused to submit to FSTs is admissible at trial. An objection based on relevance or undue prejudice would have been denied. Oregon case law, however, differentiates between testimonial FSTs (involving verbal statements that communicate information about a person's beliefs, knowledge, or state of mind), and non-testimonial FSTs when addressing the right against self-incrimination. The Oregon Court of Appeals has held that the presentation of evidence that a defendant refused to submit to *non-testimonial* FSTs does not violate the Oregon Constitution. *See State v. Rohrs*, 970 P.2d 262, 497-98 (1998) (construing *State v. Fox*, 893 P.2d 1023 (Or. 1995)); *State v. Adame*, 323 P.3d 282, 287 (2014) (same). However, the Oregon Supreme Court has held that the admission of evidence that a defendant refused to take *testimonial* FSTs violates the right against self-incrimination protected by Article 1, Section 12, of the Oregon Constitution. *Fox*, 893 P.2d at 1030-32.

At trial, the prosecution questioned Officer Burnham about Petitioner's refusal to take FSTs. First, without differentiating between testimonial and non-testimonial tests, the prosecutor asked Officer Burnham whether he offered to administer FSTs to Petitioner. Burnham answered that Petitioner refused to take the tests. Resp't's Ex. 103 at 96. Second, the prosecutor asked Burnham whether he offered to administer *non-verbal, non-testimonial* FSTs. Again, Burnham testified that Petitioner refused to take the tests. *Id.* at 96-97. Finally, Officer Burnham testified that Petitioner refused to perform a Breathalyzer. *Id.* at 97.

Trial counsel could have successfully objected to the admission of evidence that Petitioner refused to submit to *any* FSTs. However, an objection would not have been successful to exclude evidence that Petitioner refused to take non-testimonial FSTs. Trial counsel explained his decision not to raise an objection to either question as a strategic one:

> At trial, when the State sought to introduce evidence that Mr. Caughlin had refused the breath test and the field sobriety test as part of its case, I decided not to object. The decision to not object to such evidence was the exercise of my professional judgment. I did not object to evidence of the refusal to take the breath test because such evidence is admissible. I did not object to evidence of the refusal to take the field sobriety tests because even if I were successful in excluding some or all of such evidence as part of the State's case, I thought that such evidence would probably be admissible during the cross-examination of Mr. Caughlin.
>
> I did not object to such evidence because experience has taught me that when an attorney objects to evidence in front of a jury, it highlights that evidence, and it causes some jurors to think the evidence is harmful to the attorney's client.
>
> * * * * *
>
> The jury properly heard evidence that Mr. Caughlin refused to take the breath test. In my opinion, the fact that the jury also heard evidence that Mr. Caughlin refused to take the field sobriety tests or the non-verbal, non-testimonial field sobriety tests did not change the outcome of the trial.

> In sum, during the State's case in chief, there may have been a basis for me to object to evidence that Mr. Caughlin refused to take the field sobriety tests. However, for tactical reasons, I decided to not object.

Resp't's Ex. 121 at 6-7.

The state PCR Court concluded that trial counsel's strategic decision was reasonable, and that it did not result in prejudice:

> The attorney decided not to object to referenced refusal to do FSTs. He knew that the second more specific question was going to be asked and was admissible. The objection would only highlight the initial refusal. And I've read both of the questions. And they were so similar that I don't think the jury would've had a clue that they weren't the same question anyway.

> So I don't think it was clear to the jury that there are two separate issues here and two separate kinds of refusals. This conviction is not a result of the attorney's inadequacy. This conviction is the result of overwhelming evidence that Mr. Caughlin was again under the influence of intoxicants.

Resp't's Ex. 123 at 28-29; *see also* Resp't's Ex. 124 at 2.

Trial counsel's decision not to draw attention to Petitioner's refusal to submit to non-testimonial FSTs was strategic and based on an understanding of the law and facts. As such, it is entitled to deference. Moreover, had trial counsel succeeded in excluding evidence that Petitioner refused to take testimonial FSTs (at trial or through a motion *in limine*), there is no reasonable probability that the result of the trial would have been different. As noted by the PCR Court, it is unlikely that a jury would distinguish between the two types of FSTs. Accordingly, the PCR Court's rejection of this ineffective assistance claim is not (1) contrary to or an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1) & (2).

15 - OPINION AND ORDER

B.    Failure to Adequately Move for a Judgment of Acquittal

Petitioner alleges that trial counsel was ineffective for failing to move for a judgment of

acquittal. Specifically, Petitioner alleges that trial counsel:

> failed to "adequately and effectively move for a judgment of acquittal where no
> rational trier of fact could conclude that Petitioner was driving under the influence
> of intoxicants when there was no physical or forensic evidence to corroborate the
> arresting officers' speculation that Petitioner's physical appearance indicated that he
> was driving under the influence, aside from the prejudicial inferences the jury could
> draw from the introduction of Petitioner's refusal to submit to a Field Sobriety Test
> or Breathalyzer.

Pet'r's Third Am. Pet. at 5.

At the PCR proceeding, trial counsel explained his failure to move for a judgment of acquittal

as follows:

> I did not make that motion because I thought it was useless to make such a
> motion. In ruling on a motion for judgment of acquittal, the court considers the facts
> in the light most favorable to the State. In this case, there was ample direct and
> circumstantial evidence to support a jury finding that Mr. Caughlin was guilty of
> driving under the influence of intoxicants. There was no change that the court would
> have granted a motion for judgment of acquittal on the DUII charge.

Resp't's Ex. 123 at 7-8. The PCR Court agreed, holding that "[t]he evidence was more than

sufficient to get past a judgment of acquittal." *Id.* at 26.

Petitioner has failed to demonstrate that the PCR Court's decision is contrary to or an

unreasonable application of clearly established federal law, or that it is based on an unreasonable

determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1) & (2). A

rational juror could find Petitioner guilty, beyond a reasonable doubt, based on Officers Klopfenstein

and Burnham's testimony concerning Petitioner's erratic driving, his failure to respond to visual and

verbal commands, his appearance, the smell of alcohol on his breath, and his slow movements and difficulty with balance. Accordingly, habeas relief is not warranted.

C.    Failure to Offer Evidence Critical to Petitioner's Defense

Petitioner alleges that trial counsel was ineffective for failing to offer evidence critical to his defense, including "evidence to demonstrate that mechanical problems with the vehicle Petitioner drove the night he was arrested caused his driving to appear erratic, and evidence to demonstrate Petitioner suffered from arthritis and back problems to explain why Petitioner moved slowly when ordered out of the car." Pet'r's Third Am. Pet., ECF 50 at 5.

At the PCR proceeding, trial counsel explained his strategic decision not to offer documentary evidence regarding these issues:

> In my judgment, the jury was going to either find that Mr. Caughlin was a credible witness, or that he was not, and that the jury's determination of guilty or not guilty was not going to be made based on whether there was documentation that the car had a salvage title or whether there was documentation that Mr. Caughlin had arthritis or a back injury. In my opinion, "documenting" these two items was not necessary, or even helpful. In fact the State left them virtually unchallenged. The lack of such documentation did not charge the outcome of the trial.

Resp't's Ex. 121 at 8-9.

The PCR Court agreed, holding that the documentary evidence "would not have helped:"

> The title problems would not have explained the extremely reckless driving here. Basically there was probable cause and more than probable cause to arrest him before he ever got out of the car.

> Physical condition wasn't going to help anything here. The attorney told Petitioner that evidence wouldn't help, and he was correct.

Resp't's Ex. 123 at 25.

17 - OPINION AND ORDER

Trial counsel's failure to offer documentary evidence was a strategic decision based on his knowledge of the law and facts. Hence, it is entitled to deference. In light of the overwhelming evidence of Petitioner's guilt, there is no reasonable probability that admission of the evidence would have changed the outcome of the trial. Accordingly, Petitioner has failed to demonstrate that the state court's rejection of this claim is contrary to or an unreasonable application of clearly established federal law, or that it is based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1) & (2).

## <u>CONCLUSION</u>

Based on the foregoing, Petitioner's Third Amended Petition for Writ of Habeas Corpus (ECF No. 50) is DENIED, and this proceeding is DISMISSED, with prejudice. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___18th___ day of February, 2016.

_/s/ Garr M. King_____
Garr M. King
United States District Judge